United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO DURAN,

    Petitioner,

    v.

FERNANDO GONZALES, warden,

    Respondent.

No. C 08-4355 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Francisco Duran, an inmate at the California Correctional Institution in Tehachapi, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition provides the following information: Duran was convicted in Santa Clara County of dissuasion of a witness (two counts), assault with a deadly weapon, possession of methamphetamine, and crimes to benefit a criminal street gang. He was found to have personally used a firearm in the commission of one of more of these crimes. He was sentenced on October 17, 2005 to life imprisonment plus a consecutive term of 17 years' imprisonment. Duran appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2007. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts two claims. First, Duran contends that there was insufficient evidence to support his conviction under California Penal Code § 136.1 for dissuasion of a witness. This appears to be a claim for a due process violation. Second, he contends that his Sixth and Fourteenth Amendment rights to due process and a jury trial were violated by the instructions to the jury regarding the elements of the crime of dissuasion of a witness. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **December 19, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 30, 2009**.

IT IS SO ORDERED.

DATED: October 28, 2008

_____
SUSAN ILLSTON
United States District Judge